**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

**SHARIE BUBBLE**, on behalf of herself
and others similarly situated,

Plaintiff,

v.

**ENDURA HEALTHCARE, LLC**

– and –

**PIKES PEAK HEALTHCARE, INC.**,

Defendants.

---

# COLLECTIVE AND CLASS ACTION COMPLAINT

---

Plaintiff Sharie Bubble ("Plaintiff"), on behalf of herself and others similarly situated, for her collective and class action Complaint against Defendants Endura Healthcare, LLC ("Defendant Endura"), and Pikes Peak Healthcare, Inc. ("Defendant PPH") (collectively "Defendants"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") and the Colorado Overtime and Minimum Pay Standards ("COMPS") Orders #32, #36, and #37, 7 C.C.R. 1103-1.

2. Plaintiff brings this case as a FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other similarly situated persons who worked for Defendants in Colorado and suffered the same harms described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants operate in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Plaintiff

7. Plaintiff is an adult individual residing in Colorado Springs, CO.

8. Plaintiff was individually and jointly employed by Defendants as a non-exempt hourly employee from approximately November 2023 to February 2024 at Defendants' Pike Peaks Healthcare, Inc. location (also known as The Healthcare Resort of Colorado Springs) in Colorado Springs, CO.

9. Plaintiff's written Consent to Join Form is attached as **Exhibit A**.

10. Plaintiff worked for Defendants as an hourly Certified Nursing Assistant.

11. Plaintiff and other similarly situated employees regularly worked 40 or more hours in one or more workweek(s).

12. Plaintiff and other similarly situated employees worked were hourly employees who worked for Defendants within the last three years.

13. Plaintiff and those similarly situated employees were not exempt from the overtime requirements of the FLSA or Colorado law.

**B. Defendants**

14. Defendant Endura is a Nevada Corporation with its principal place of business at 29222 Rancho Viejo Rd Ste 127, San Juan Capistrano, CA 92675, US.

15. Defendant PPH is a foreign corporation with its principal place of business at 2818 Grand Vista Cir, Colorado Springs, CO 80904.

16. Ensign Group is a Delaware corporation that owns and operates skilled nursing, assisted living, rehabilitation, post-acute and care facilities through its affiliates and subsidiaries nationwide.[1]

17. Defendants Endura and PPH are two such affiliates or subsidiaries of Ensign Group.

18. Defendant Endura operates Ensign Group's 26 facilities located in Colorado. [2]

19. Defendants, individually and jointly, and along with 26 other Colorado corporations, constitute a single integrated enterprise under the FLSA, 29 U.S.C. § 203(r).

20. For example, Defendants do business in Colorado as Arvada Care & Rehabilitation Center, Berthoud Care and Rehabilitation, Boulder Canyon Health & Rehabiliation, Brighton Care Center, Chateau Des Mons Care and Assisted Living, City Park Healthcare & Rehabilitation

---

[1] https://ensigngroup.net/

[2] https://ensigngroup.net/map/ (last viewed 10/9/25).

Center, Englewood Post Acute and Rehabilitation, Frontier Valley Independent and Assisted Living, Hampden Hills Post Acute, Irondale Post Acute, Julia Temple Healthcare Center, Littleton Care and Rehabilitation Center, Malley Transitional Care Center, Mapleton Post Acute, Medallion Post Acute Rehabilitation, Oakwood Care & Rehabilitation, Parker Post Acute, Ridgeview Post Acute, Riverwalk Post Acute and Rehabilitation, Rock Canyon Respiratory and Rehabilitation Center (The Villas at Rock Canyon Senior Living), Sloan's Lake Rehabilitation Center, South Valley Post Acute, The Healthcare Resort of Colorado Springs (Pikes Peak Healthcare, Inc.), The Springs at St. Andrew's Village, The Villas at Rock Canyon Senior Living, and The Villas at Sunny Acres Post Acute Rehabilitation & Senior Living.[3]

21. Defendants, individually and jointly, and along with other Ensign Group and Endura subsidiaries and affiliated businesses, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that they, individually and jointly, have employees, including Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### A. Defendants' facilities are part of a single integrated enterprise.

23. Defendant Endura owns and operates 26 skilled nursing, assisted living, rehabilitation, post-acute, and care centers facilities throughout Colorado, as alleged above.

[3] This is by no means all business entities potentially jointly operated by Endura and other Ensign Group affiliates.

24. At all relevant times, the employees working at the 26 buildings owned and operated by Defendant Endura were each nominally employees of affiliates of the Defendant Endura, and more broadly, the Ensign Group.

25. For instance, Plaintiff Bubble worked at an Endura/Ensign Group facility in Colorado Springs, Colorado. That location is known as Pikes Peak Healthcare, Inc. or The Healthcare Resort of Colorado Springs. Plaintiff Bubble's listed W-2 employer is Pikes Peak Healthcare, Inc.

26. While Pikes Peak Healthcare, Inc. was the W-2 employer of the staff at The Healthcare Resort of Colorado Springs, that facility, like all facilities listed in Paragraph 20, is owned and operated by Defendant Endura and is part of the Ensign Group chain of nursing homes.

27. For instance, The Healthcare Resort of Colorado Springs self-reports to the federal government's Centers for Medicare and Medicaid Services ("CMS") that it is wholly owned by Defendant Endura[4]:

[4] https://www.medicare.gov/care-compare/details/nursing-home/065417?city=Colorado%20Springs&state=CO&zipcode= (last viewed 10/9/25)

Healthcare Resort of Colorado Springs, The

**Ownership**

**Legal business name**
Pikes Peak Healthcare, Inc.

**Ownership type**
For profit - Limited Liability company

**Contact info**
2818 Grand Vista Cir
Colorado Springs, CO 80904
(719) 632-7000

**Owners and managers of Healthcare Resort of Colorado Springs, The**

OWNER
5% or greater direct ownership interest

**ENDURA HEALTHCARE LLC (100%)**
since 04/14/2014

28. By further way of example, The Healthcare Resort of Colorado Springs self-reports to ("CMS") that it is part of the "Ensign Group" chain of affiliated entities[5]:

**Legal business name**
Pikes Peak Healthcare, Inc.

**Ownership type**
For profit - Limited Liability company

Ownership Details

**Chain Name**
THE ENSIGN GROUP

[5] https://www.medicare.gov/care-compare/details/nursing-home/065417?city=Colorado%20Springs&state=CO&zipcode= (last viewed 10/9/25)

29. Under CMS regulations, being an "affiliated entity," means that the Ensign Group facilities are a "group[] of nursing homes that share[s] at least one individual or organizational owner, officer, or entity with operational/managerial control."

30. Indeed, Defendant Endura retains operational/managerial control over all of its facilities, including Defendant PPH. The Healthcare Resort of Colorado Springs self-reports to CMS that Defendant Endura's Management Executive David Dunyon, is the individual with operational/managerial control over that facility.

31. Hence, Defendant PPH acknowledges in required filings with CMS that it is subject to centralized control of labor relations, common management, and common ownership/financial control with all facilities in Colorado operated by Defendant Endura.

32. Thus, all of the entities referenced in Paragraph 20 constitute a single integrated enterprise.

**B. Alternatively, Defendants are individual and joint employers of Plaintiff and those similarly situated.**

33. During all relevant times, Defendants, individually and jointly, employed Plaintiff and other similarly situated hourly employees at their facilities across multiple states.

34. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Colorado law.

35. At all relevant times, Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206-207.

36. At all times relevant herein, Defendants, individually and jointly, were "employers" of Plaintiff and others similarly situated as that term is defined in the FLSA and Colorado law.

37. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Plaintiff and those similarly situated.

38. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

39. At all relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff and those similarly situated.

40. At all relevant times, Defendants shared direct or indirect control and authority over the working conditions of Plaintiff and those similarly situated.

41. At all relevant times, Defendants jointly hired and fired employees, supervised and controlled the work scheduled and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

42. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this Complaint.

43. The work performed by Plaintiff and similarly situated production employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are also joint employers of Plaintiff and other similarly situated employees.

**C. Defendants failed to pay Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

44. Defendants, individually or jointly, employed Plaintiff and others similarly situated hourly employees to provide nursing, therapy, assisted living, and other related services.

45. At all relevant times, Defendants suffered or permitted Plaintiff and other similarly situated hourly employees to work. The work that Plaintiff and other similarly situated hourly employees performed was for Defendants' benefit and was integral and indispensable to the work they were hired to perform.

46. At all relevant times, Defendants had a policy and practice of deducting, or causing to be deducted, 30-minute unpaid meal breaks from Plaintiff's and other similarly situated employees' time worked.

47. Plaintiff and those similarly situated employees were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

48. Despite these interruptions and incomplete meal breaks, Defendants continued to deduct, or cause to be deducted, 30 minutes from Plaintiff's and other similarly situated employees' time worked.

49. Defendants' companywide policies described herein resulted in Plaintiff and other similarly situated hourly employees performing integral and indispensable work that went unpaid.

50. Defendants failed to accurately record and compensate Plaintiff and those similarly situated employees for all time worked, including time worked during interrupted unpaid meal breaks.

51. There was no administrative difficulty recording the time that Plaintiff and other similarly situated employees spent performing the otherwise unpaid compensable work.

52. As a result, Defendants failed to pay Plaintiff and those similarly situated employees for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

53. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

55. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations is defined as:

> **All current and former hourly employees of Defendants, including temporary workers, who were subject to Defendants' unpaid lunch policy and who worked 40 or more hours in a workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter.**

56. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of the FLSA Collective members and is acting on behalf of their interests as well as her own in bringing this action.

57. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by

Defendants' unpaid lunch policy resulting in Defendants failing to pay Plaintiff and the FLSA Collective members an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

58. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendants have maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COLORADO CLASS ACTION ALLEGATIONS
**(Colorado Class)**

59. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other similarly situated employees who have similar claims under the laws of the State of Colorado ("Colorado Class"), which is defined as:

> **All current and former hourly employees of Defendants in Colorado, including temporary workers, who were subject to Defendants' unpaid lunch policy and who worked 40 or more hours in a workweek at any time during the three years preceding the date of the filing of this Complaint through final disposition of this matter.**

60. The Colorado Class is so numerous that joinder of all members of the Colorado Class is impracticable. The exact number of class members is unknown, but is estimated to exceed 100 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendants have maintained, and was required to maintain, pursuant to Colorado law.

61. There are questions of law or fact common to the Colorado Class members including whether Defendants failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated employees, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates as a result of Defendants' failure

to pay Plaintiff and the other Colorado Class members for time spent working through missed and/or interrupted unpaid meal breaks.

62. The questions of law or fact that are common to the Colorado Class members predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Colorado Class members, listed above, are common to the Colorado Class members as a whole, and predominate over any questions affecting only individual Colorado Class members.

63. Plaintiff's claims are typical of the claims of other members of the Colorado Class members. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories as the claims of other members of the Colorado Class members.

64. Plaintiff and the Colorado Class members have all been injured in that they have been uncompensated due to Defendants' common policy and practice, and willful conduct. Defendants' corporate wide policies and practices affected the Colorado Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Colorado Class members.

65. Plaintiff will fairly and adequately protect the interests of the Colorado Class members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Colorado Class members.

66. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Colorado Class members in this case.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Colorado Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Colorado Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

70. Plaintiff and the FLSA Collective members were not paid for all time worked, including time spent working through missed and/or interrupted unpaid meal breaks.

71. Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

72. At all relevant times, Defendants knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

73. Defendants failed to pay Plaintiff and the FLSA Collective members the required overtime compensation.

74. Defendants' practice and policy of not paying Plaintiff and the FLSA Collective members all overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of 40 hours per workweek violated the FLSA.

75. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

76. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

77. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Colorado Class - Overtime Violations)**

78. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

79. Plaintiff brings this claim for violation of the CWCA and the Colorado Minimum Wage Act, *see* Colo. Rev. Stat. § 8-4-101, *et seq.*, as implemented by the COMPS Orders, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

80. As a result of the foregoing conduct, as alleged, Defendants have failed to pay overtime wages due under Colorado law. Plaintiff and the Colorado Class members were entitled to overtime wages at the rate of time and one half their regular rates of pay when they worked more than 12 hours in a day, more than 12 consecutive hours, or more than 40 hours in a week.

81. Plaintiff, on behalf of herself and on behalf of the Colorado Class members, hereby demands payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Class members for all unpaid overtime wages, costs, expenses, attorney's fees, and interest.

82. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the Colorado Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

**COUNT THREE**
**(Colorado Class – Quantum Meruit)**

83. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84. Plaintiff asserts that she and each Colorado Class member provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that Plaintiff and the Colorado Class members expected to be compensated for their services furnished to Defendants.

85. Each Colorado Class member's W-2 employer accepted the benefits of those services without paying their employees, and passed the profits derived from that unjust enrichment onto Defendant Ensign Group.

86. The reasonable value of the services provided but not paid for by Defendants with respect to this Rule 23 claim is the difference between the number of hours said Colorado Class members were paid in non-overtime weeks and the number of hours they actually worked, multiplied by each Colorado Class member's then-applicable hourly rate as identified on their pay records. Alternatively, the reasonable value of the service provided but not paid for by Defendants is the average hourly rate for similar employees in Colorado. However, in no event is the reasonable value

of the services provided but not paid for by Defendants less than the applicable minimum wage rate in Colorado for each hour worked.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other similarly situated persons, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Colorado Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join, and the Colorado Class;

D. Award Plaintiff, the Opt-Ins who join, and the Colorado Class actual damages for unpaid wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages in an amount equal to the unpaid wages found due to Plaintiff and the Opt-Ins who join;

F. Award Plaintiff, the Opt-Ins who join, and the Colorado Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff, the Opt-Ins who join, and the Colorado Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Plaintiff, the Opt-Ins who join, and the Colorado Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**TITTLE & PERLMUTER**

*<u>/s/ Scott D. Perlmuter</u>*
Scott D. Perlmuter (OH Bar No. 0082856)
4106 Bridge Ave.
Cleveland, OH 44113
216-308-1522

Fax: 888-604-9299
scott@tittlelawfirm.com

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar No. 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Scott D. Perlmuter*

*Counsel for Plaintiff*